IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JON COURTER, | ) | CIVIL NO. 11-00736 LEK-KSC |
| | ) | |
|       Plaintiff, | ) | |
| | ) | |
|   vs. | ) | |
| | ) | |
| JEFFREY KAROLLE, In Personam, | ) | |
| and S/V TRADITION, O.N. | ) | |
| 227332, her engines, | ) | |
| machinery, furniture, sails, | ) | |
| rigging and appurtenances, | ) | |
| In. Rem., | ) | |
| | ) | |
|       Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION
OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AND
ORDER ENTERED ON JUNE 2, 2013, AND ORDER GRANTING
COURTER'S MOTION IN LIMINE RE DOCUMENTS PRODUCED BY
<u>DEFENDANT AFTER DISCOVERY CUTOFF DATED MARCH 19, 2013</u>**

Before the Court is Defendant/Counterclaim Plaintiff Jeffrey Karolle's ("Defendant") Motion for Reconsideration of Findings of Fact and Law and Order Entered on June 2, 2013,[1] and Order Granting Courter's Motion in Limine Re Documents Produced by Defendant After Discover Cutoff Dated March 19, 2013 ("Motion"), filed on July 4, 2013. [Dkt. no. 80.] Plaintiff/Counterclaim Defendant Jon Courter ("Plaintiff") filed his Memorandum in Opposition on July 22, 2013, and Defendant filed his Reply on August 8, 2013. [Dkt. nos. 85, 86.]

---

[1] The Court notes that it entered the Findings of Fact and Conclusions of Law and Order on June 6, 2013. [Dkt. no. 72.]

The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

This matter came before the Court for a bench trial from March 19 to 21, 2013. The relevant factual and procedural background in this case is set forth in this Court's June 6, 2013 Findings of Fact and Conclusions of Law and Order ("6/6/13 Order"). 2013 WL 2468360.

Defendant's Motion seeks reconsideration of the 6/6/13 Order regarding paragraphs 14 and 15 of Section II.A. in the Court's conclusions of law. The Court found that no purchaser was listed on the United States Coast Guard ("USCG") Certificate of Documentation ("COD") for the vessel TRADITION, O.N. 227332 ("Tradition") when Plaintiff signed the back of the COD on January 19, 2011, and that the signed COD was never filed with the USCG National Vessel Documentation Center ("NVDC"). Id. at *7. Based on the foregoing, the Court concluded that title to Tradition did not transfer when Plaintiff signed the back of the COD on January 19, 2011. The Court further concluded that the

documentary evidence produced at trial established by a preponderance of the evidence that Plaintiff is the sole owner of, and has legal title to, Tradition.  Id.

Defendant's Motion also seeks reconsideration of the Court's decision to grant Plaintiff's Motion in Limine Re: Documents Produced by Defendant After Discovery Cutoff ("Motion in Limine") [dkt. no. 31].  [Minutes, filed 3/19/13 (dkt. no. 56).]

## DISCUSSION

In order to obtain reconsideration of the 6/6/13 Order and the Court's ruling on the Motion in Limine, Defendant's Motion "must accomplish two goals.  First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision.  Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  See Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Hawai`i 1996); accord Tom v. GMAC Mortg., LLC, CIV. NO. 10-00653 SOM/BMK, 2011 WL 2712958, at *1 (D. Hawai`i July 12, 2011) (citations omitted).  This district court recognizes three grounds for granting reconsideration of an order:  "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice."  White v. Sabatino, 424 F. Supp. 2d 1271,

1274 (D. Hawai`i 2006) (citing Mustafa v. Clark County Sch. Dist., 157 F.3d 1169, 1178–79 (9th Cir. 1998)).

"Whether or not to grant reconsideration[,]" however, "is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)). "As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 889 (9th Cir. 2001) (internal quotation marks omitted).

Defendant's Motion seeks reconsideration on the ground that the 6/6/13 Order contains clear errors of law. First, Defendant argues that the COD he transmitted to the NVDC on November 22, 2011 validly transferred title to Tradition from Plaintiff to Defendant. Specifically, Defendant argues that: (1) the COD satisfies the requirements for filing a bill of sale to convey title; (2) the COD satisfies the requirements for transfers by sale; (3) Defendant's insertion of his own name in the COD as the purchaser did not invalidate the transfer of title; (4) Defendant's delay in transmitting the COD to the NVDC on November 22, 2011, after Plaintiff had signed the COD on

January 19, 2011, did not invalidate the transfer of title; and (5) Defendant's transmission of the COD to the NVDC via facsimile on November 22, 2011 constituted an effective filing, despite the fact that a new COD was not issued to Defendant.  Defendant, however, could have raised these arguments in his pleadings or at trial.[2]  See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Hawai`i 2005) ("reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision").

Second, Defendant argues that Plaintiff did not sustain his burden of proving that he is the sole owner of Tradition. Defendant raised this argument at trial, and Defendant merely disagrees with the Court's ruling on this issue.  This district court has recognized that "[m]ere disagreement with a previous order is an insufficient basis for reconsideration."  White, 424 F. Supp. 2d at 1274 (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)).

Defendant's Motion also seeks reconsideration of the Court's ruling on the Motion in Limine.  Rule LR60.1 of the Local Rules provides in pertinent part:  "Motions for reconsideration

---

[2] The Court notes that, even if Defendant had timely raised these arguments in his pleadings or at trial, it would not have altered the Court's conclusion that, because no purchaser was identified in the COD when Plaintiff signed it on January 19, 2011, title to Tradition did not transfer from Plaintiff to Defendant.

of interlocutory orders . . . must be filed and served not more than fourteen (14) days after the court's written order is filed."  The Court notes that the Minutes containing the ruling on the Motion in Limine were filed on March 19, 2013, and that Defendant filed the instant Motion on July 4, 2013, more than fourteen days later.  Thus, Defendant's Motion is untimely to the extent that it seeks reconsideration of the Court's March 19, 2013 ruling on the Motion in Limine.

To the extent that Defendant's Reply presents different variations of Defendant's arguments, those arguments are also not properly before this Court, as Defendant should have raised the arguments in the Motion itself.  <u>See</u> Local Rule LR7.4 ("Any argument raised for the first time in the reply shall be disregarded.").  This Court therefore FINDS that Defendant has not presented any ground warranting reconsideration of the 6/6/13 Order's conclusions of law or the Court's ruling on the Motion in Limine.

Finally, in Plaintiff's Memorandum in Opposition, Plaintiff asks the Court to "enter a finding that Defendant's [M]otion is frivolous and that sanctions in the form of [attorneys'] fees and costs incurred to oppose Defendant's Motion be imposed against Defendant and his counsel, jointly and severally."  [Mem. in Opp. at 22 (citation omitted).]  The Court presumes that Plaintiff is making this request pursuant to

Federal Rule of Civil Procedure, Rule 11.  The Court notes that "[a] motion for sanctions must be made separately from any other motion[.]"  Fed. R. Civ. P. 11(c)(2).  This Court therefore DENIES Plaintiff's request to impose sanctions against Defendant and his counsel.  The denial is WITHOUT PREJUDICE to the filing of a motion for sanctions in accordance with Rule 11(c)(2).  This Court emphasizes that it expresses no opinion at this time on the issue of whether or not Defendant's Motion is frivolous.

## CONCLUSION

On the basis of the foregoing, Defendant's Motion for Reconsideration of Findings of Fact and Law and Order Entered on June 2, 2013, and Order Granting Courter's Motion in Limine Re Documents Produced by Defendant After Discover Cutoff Dated March 19, 2013, filed July 4, 2013, is HEREBY DENIED.  The Court further DENIES Plaintiff's request to impose sanctions against Defendant and Defendant's counsel WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, August 19, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JON COURTER V. JEFFREY KAROLLE, ETC; CIVIL NO. 11-00736 LEK-KSC; ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER ENTERED ON JUNE 2, 2013, AND ORDER GRANTING COURTER'S MOTION IN LIMINE RE DOCUMENTS PRODUCED BY DEFENDANT AFTER DISCOVERY CUTOFF DATED MARCH 19, 2013**